UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**SAUL EWING LLP**
*A Delaware Limited Liability Partnership*
Joseph F. O'Dea, Jr., Esquire
Cathleen M. Devlin, Esquire
Deborah L. Shuff, Esquire
750 College Road East
Suite 100
Princeton, New Jersey 08540
(609) 452-5034 (Telephone)
(609) 452-6118 (Facsimile)
*Attorneys for Defendants Sanitary Landfill, Inc. and SC Holdings, Inc.*

| | |
|---|---|
| ANTHONY CORRADETTI, MARIANNE CORRADETTI, ROBERT CORRADETTI, MARIBETH STUFFO AND NICK PATTI, <br><br> Plaintiffs, <br><br> v. <br><br> SANITARY LANDFILL, INC., SC HOLDINGS, INC., et al. <br><br> Defendants. | Civil Action No. 12-00998 (JBS-KMW) <br><br> SANITARY LANDFILL, INC.'S AND SC HOLDINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFFS' COMPLAINT AND JURY DEMAND <br><br> (Filed Electronically) |

Defendants Sanitary Landfill, Inc. ("SLI") and SC Holdings, Inc. ("SCH") (collectively, "Defendants"),[1] by their counsel Saul Ewing LLP, hereby responds to Plaintiffs' Complaint and Jury Demand (the "Complaint") as follows:

---

[1] Pursuant to Rule 41(a)(1)(i) of the Federal Rules of Civil Procedure, on March 20, 2012, Plaintiffs dismissed all causes of action in their Complaint as to Defendants Waste Management, Inc. and Waste Management of New Jersey, Inc. Accordingly "Defendants" as defined herein does not include Waste Management, Inc. or Waste Management of New Jersey, Inc.

The inclusion of SLI in the definition of "Defendants" for this Answer shall not be deemed a waiver of Defendants' position that SLI is an improper party to the captioned action because it has not existed since 1993. SLI is included in the definition of "Defendants" for this Answer solely to prevent default for failure to answer.

1

## INTRODUCTION

1. Defendants deny the allegations contained in Paragraph 1 of the Complaint.

## ALLEGED PARTIES

2 - 5. The allegations contained in Paragraphs 2 through 5 of the Complaint are not directed to Defendants and, therefore, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 2 through 5 of the Complaint.

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint. Defendant SLI is not a corporation currently existing under the laws of the State of New Jersey. Rather, SLI was merged with and into SCH in 1993 and, as such, SLI ceased to exist.

7. Defendants admit that SCH is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business in Pennsylvania. Defendants deny the remaining allegations contained in Paragraph 7 of the Complaint.

8-9. The allegations contained in Paragraphs 8 and 9 of the Complaint are not directed to Defendants and, therefore, no response is required.

10. Defendants admit that SCH is a subsidiary of Waste Management, Inc. The remaining allegations contained in Paragraph 10 of the Complaint are not directed to Defendants and, therefore, no response is required.

11. Defendants admit that SCH currently owns and that SLI formerly operated one landfill located on a portion of approximately a 136-acre parcel at 1017 Union Landing Road, Cinnaminson, New Jersey (the "landfill"). Defendants deny the balance of the allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint are not directed to Defendants and, therefore, no response is required. To the extent a response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations.

### ALLEGED FACTS

13-21. The allegations contained in Paragraphs 13 through 21 of the Complaint are not directed to Defendants and, therefore, no response is required. To the extent that the allegations contained in Paragraphs 13 through 21 of the Complaint are plead in an effort to infer liability on Defendants, Defendants deny the allegations.

22-23. Defendants deny the allegations contained in Paragraphs 22 and 23 of the Complaint.

24-26. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraphs 24 through 26 of the Complaint respectively pertaining to Plaintiffs' alleged lost use of their property, Plaintiffs' alleged impact on quality of life, and Plaintiffs' alleged diminished property value. Defendants deny the remaining allegations contained in Paragraphs 24 through 26 of the Complaint.

### COUNT ONE
### NEGLIGENCE

27.     Defendants hereby incorporate by reference their responses to Paragraphs 1 through 26 of the Complaint as if set forth herein.

28.     Defendants admit that SLI was and SCH is involved in the regulated waste industry and operate(d) in accordance with relevant law. To the extent that the allegations contained in Paragraph 28 of the Complaint are plead in an effort to infer liability on Defendants, Defendants deny the allegations.

29. Defendants admit that SLI was and SCH is involved in the regulated waste industry and operate(d) in accordance with relevant law. To the extent that the allegations contained in Paragraph 29 of the Complaint are plead in an effort to infer liability on Defendants for the entire 400-acre Cinnaminson Groundwater Contamination Superfund Site, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30. SCH is the current owner of the landfill and a current PRP for the Cinnaminson Groundwater Contamination Superfund Site. Defendants deny the allegations contained in Paragraph 30 of the Complaint. To the extent that the allegations contained in Paragraph 30 of the Complaint are plead in an effort to infer liability on Defendants for the entire 400-acre Cinnaminson Groundwater Contamination Superfund Site, Defendants deny the allegations.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint. To the extent that the allegations contained in Paragraph 31 of the Complaint are plead in an effort to infer liability on Defendants for the entire 400-acre Cinnaminson Groundwater Contamination Superfund Site, Defendants deny the allegations.

32. The allegations contained in Paragraph 32 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 32 are factual, Defendants deny such allegations.

33-34. Defendants deny the allegations contained in Paragraphs 33 and 34 of the Complaint.

35-39. The allegations contained in Paragraphs 35 through 39 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraphs 35 through 39 are factual, Defendants deny such allegations.

## COUNT TWO
[Dismissed by Order dated December 7, 2012]

## COUNT THREE
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AND FEAR OF FUTURE INJURY

43. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 42 of the Complaint as if set forth herein.

44-49. The allegations contained in Paragraphs 44 through 49 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraphs 44 through 49 are factual, Defendants deny such allegations.

## COUNT FOUR
### QUALITY OF LIFE DAMAGE
[Merged into Count Five by Order dated December 7, 2012]

## COUNT FIVE
### PRIVATE NUISANCE

54. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 53 of the Complaint as if set forth herein.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint that all Plaintiffs lawfully possess 1300 Taylors Lane, Cinnaminson, New Jersey and that Defendants intruded onto such property. The remaining allegations contained in Paragraph 55 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 55 are factual, Defendants deny such allegations.

56-58. The allegations contained in Paragraphs 56 through 58 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraphs 56 through 58 are factual, Defendants deny such allegations.

59. The allegations contained in Paragraph 59 of the Complaint are not directed to Defendants and, therefore, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 59 of the Complaint. To the extent the allegations contained in Paragraph 59 are factual and directed to Defendants, Defendants deny such allegations.

60. The allegations contained in Paragraph 60 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 60 are factual, Defendants deny such allegations.

## COUNT SIX
## PUBLIC NUISANCE

61. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 60 of the Complaint as if set forth herein.

62-66. The allegations contained in Paragraphs 62 through 66 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraphs 62 through 66 are factual, Defendants deny such allegations.

## COUNT SEVEN
## TRESPASS

67. Defendants hereby incorporate by reference their responses to Paragraphs 1 through 66 of the Complaint as if set forth herein.

68. Defendants deny the allegations contained in Paragraph 68 of the Complaint that all Plaintiffs lawfully possess, own or operate 1300 Taylors Lane, Cinnaminson, New Jersey.

69. Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70.     The allegations contained in Paragraph 70 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 70 are factual, Defendants deny such allegations.

71.     The allegations contained in Paragraph 71 of the Complaint are not directed to Defendants and, therefore, no response is required. To the extent that the allegations contained in Paragraph 71 of the Complaint are plead in an effort to infer liability on Defendants for the entire 400-acre Cinnaminson Groundwater Contamination Superfund Site, Defendants deny the allegations. Defendants deny the remaining allegations contained in Paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73.     The allegations contained in Paragraph 73 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraph 73 are factual, Defendants deny such allegations.

74.     The allegations contained in Paragraph 74 of the Complaint are not directed to Defendants and, therefore, no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 74 of the Complaint. To the extent the allegations contained in Paragraph 74 are factual and directed to Defendants, Defendants deny such allegations.

## COUNT EIGHT
## NEGLIGENT SITE REMEDIATION

75.     Defendants hereby incorporate by reference their responses to Paragraphs 1 through 74 of the Complaint as if set forth herein.

76.     Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77-79. The allegations contained in Paragraphs 77 through 79 of the Complaint are conclusions of law to which no response is required. To the extent the allegations contained in Paragraphs 77 through 79 are factual, Defendants deny such allegations.

## COUNT NINE
[Dismissed by Order dated December 7, 2012]

## COUNT TEN
[Dismissed by Order dated December 7, 2012]

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrines of judicial estoppel, equitable estoppel, collateral estoppel and/or res judicata.

### FIFTH AFFIRMATIVE DEFENSE

The captioned action is precluded by the Entire Controversy Doctrine.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failure to join indispensable parties.

## SEVENTH AFFIRMATIVE DEFENSE

Sanitary Landfill, Inc. is no longer in existence and, therefore, is an improper party in the captioned action. Sanitary Landfill, Inc. was merged with and into SC Holdings, Inc. in 1993 and ceased to exist at that time.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from bringing this action as primary jurisdiction rests with the New Jersey Department of Environmental Protection and/or the United States Environmental Protection Agency and Plaintiffs have failed to exhaust all available administrative remedies.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert claims for damages to Natural Resources.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to assert a duty owed to the New Jersey Department of Environmental Protection.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants owe no duty to Plaintiffs as alleged in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

No acts or omissions of Defendants have been an actual cause, "but for" cause, contributing cause or substantial factor in causing the alleged injury and harm complained of by Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Entities or persons other than Defendants were the proximate cause of the injuries or damages, if any, alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

Any losses by Plaintiffs for which it is alleged Defendants are liable were caused by conditions over which Defendants had no responsibility or control.

### FIFTEENTH AFFIRMATIVE DEFENSE

Detections of Contaminants allegedly located at or beneath Plaintiffs' property are from source(s) other than the landfill.

### SIXTEENTH AFFIRMATIVE DEFENSE

Detections of Contaminants allegedly located at or beneath Plaintiffs' property were caused to be there from person(s) other than Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries were caused by the acts, conduct or omissions of third parties over whom Defendants have no control or responsibility and for whose acts, conduct or omissions Defendants are not liable.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The damages sustained by Plaintiffs, if any, were the result of an intervening and/or superseding cause, precluding any liability of Defendants.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs have been comparatively and/or contributorily negligent, and therefore their actions or omissions contributed, in whole or part, to any injuries or damages, which they have suffered.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery, in whole or in part, because of their own voluntary actions and their own conduct.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claim for negligence and negligent site remediation fail because Defendants were operating in accordance with relevant law and at the direction and guidance of the NJDEP and EPA.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff Robert Corradetti does not have an interest in 1300 Taylors Lane, Cinnaminson, New Jersey and, therefore, lacks standing to assert claims for nuisance and trespass and to seek property-related damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff Nick Patti does not have an interest in 1300 Taylors Lane, Cinnaminson, New Jersey and, therefore, lacks standing to assert claims for nuisance and trespass and to seek property-related damages.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' private nuisance and trespass claims fail for the lack of interfering with the use and enjoyment of their property.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' public nuisance claim fails for the lack of a damage different than any alleged public damage.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

All of Plaintiffs' claims for which they seek medical monitoring fail for the lack of an increased risk of diagnosis with a particular disease or illness and for the lack of a screening program different than what is provided in the regular course of annual medical examinations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Some or all of the costs incurred by Plaintiffs were unreasonable in amount, duplicative, or were not incurred in accordance with applicable law and therefore are not recoverable.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' damage claim for medical monitoring and quality of life fails for the lack of an increased risk of diagnosis with a particular disease or illness and for the lack of a screening program different than what is provided in the regular course of annual medical examinations.

### THIRTIETH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable as alleged in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred for failing to comply with the Environmental Rights Act.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendants hereby give notice that they intend to rely upon other such defenses as may become available or appear during discovery proceedings in this case and reserve the right to amend this Answer and insert any such defense.

**WHEREFORE**, Defendants demand judgment dismissing Plaintiffs' Complaint with prejudice, awarding attorneys fees, costs of suit and any other relief to Defendants that the Court deems appropriate.

|  |  |
|---|---|
|  | **SAUL EWING LLP**<br>*A Delaware Limited Liability Partnership* |
| Dated: December 20, 2012 | s/Deborah L. Shuff |
| Joseph F. O'Dea, Jr., Esquire<br>Cathleen M. Devlin, Esquire<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>(215) 972-7777 (Telephone)<br>(215) 972-7725 (Facsimile)<br>jodea@saul.com<br>cdevlin@saul.com | Deborah L. Shuff, Esquire<br>750 College Road East<br>Suite 100<br>Princeton, NJ 08540<br>(609) 452-5034 (Telephone)<br>(609) 452-6118 (Facsimile)<br>dshuff@saul.com |

*Attorneys for Defendants*
*SC Holdings, Inc. and Sanitary Landfill, Inc.*

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

                                              **SAUL EWING LLP**
                                              *A Delaware Limited Liability Partnership*

Dated: December 20, 2012              s/Deborah L. Shuff

Joseph F. O'Dea, Jr., Esquire            Deborah L. Shuff, Esquire
Cathleen M. Devlin, Esquire             750 College Road East
Centre Square West                         Suite 100
1500 Market Street, 38th Floor          Princeton, NJ 08540
Philadelphia, PA 19102                    (609) 452-5034 (Telephone)
(215) 972-7777 (Telephone)            (609) 452-6118 (Facsimile)
(215) 972-7725 (Facsimile)             dshuff@saul.com
jodea@saul.com
cdevlin@saul.com

                                    *Attorneys for Defendants*
                    *SC Holdings, Inc. and Sanitary Landfill, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Answer to Plaintiffs' Complaint and Jury Demand on behalf of Defendants Sanitary Landfill, Inc. and SC Holdings, Inc. along with the Certificate of Service of same were served via ECF on December 20, 2012 upon counsel for Plaintiffs as follows:

Stuart J. Lieberman, Esquire
Shari M. Blecher, Esquire
Shawn M. LaTourette, Esquire
Lieberman & Blecher, P.C.
10 Jefferson Plaza, Suite 400
Princeton, New Jersey 08540

Dated: December 20, 2012                             s/Deborah L. Shuff

Joseph F. O'Dea, Jr., Esquire                        Deborah L. Shuff, Esquire
Cathleen M. Devlin, Esquire                          Saul Ewing LLP
Saul Ewing LLP                                       *A Delaware Limited Liability Partnership*
*A Delaware Limited Liability Partnership*           750 College Road East
Centre Square West                                   Suite 100
1500 Market Street, 38th Floor                       Princeton, NJ 08540
Philadelphia, PA 19102                               (609) 452-5034 (Telephone)
(215) 972-7777 (Telephone)                           (609) 452-6118 (Facsimile)
(215) 972-7725 (Facsimile)                           dshuff@saul.com
jodea@saul.com
cdevlin@saul.com

*Attorneys for Defendants*
*SC Holdings, Inc. and Sanitary Landfill, Inc.*
